UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA N. DUNNE,<br>as Trustee of the Cynthia N.<br>Dunne Revocable Trust<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF LADUE,<br>Serve:  Mayor Nancy Spewak<br>       Ladue City Hall<br>       9345 Clayton Road<br>       Ladue, Missouri  63124<br><br>and<br><br>ROGER STEWART in his official<br>capacity as City of Ladue<br>Building Commissioner<br>Serve:  Ladue City Hall<br>       9345 Clayton Road<br>       Ladue, Missouri 63124<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

COMES NOW, Plaintiff, Cynthia N. Dunne, as Trustee of the Cynthia N. Dunne Revocable Trust, by and through undersigned counsel, and for her Complaint against Defendants City of Ladue, Missouri and Roger Stewart in his official capacity as the City of Ladue Building Commissioner, does hereby state:

### *THE PARTIES*

1. Plaintiff is an individual residing in St. Louis County, Missouri who owns real property known and numbered as 10183 Winding Ridge Road, City of Ladue, St. Louis County, Missouri.

2. At all times relevant herein, Defendant Stewart was the duly authorized Building Commissioner for Defendant City of Ladue, a municipal corporation located in St. Louis County, Missouri. Defendant Stewart resides in the State of Missouri and does business in his official capacity as the City of Ladue Building Commissioner in St. Louis County, Missouri, within the United States District Court for the Eastern District of Missouri.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 as presenting a federal question of original jurisdiction pursuant to U.S.C.A Constitutional Amendments 5 and 14, and 28 U.S.C. §1367, as presenting a question of supplemental jurisdiction over a claim so related to the claim within original jurisdiction that it forms part of the same case or controversy, namely the taking of Plaintiff's property without just compensation pursuant to Article I, §26 of the Missouri Constitution.

4. Venue in this Court is proper pursuant to 28 U.S.C. §1391 in that at all relevant times herein, Defendants resided in the Eastern District of Missouri and a substantial part of the events and omissions which gave rise to Plaintiff's claims herein occurred within the Eastern District of Missouri.

## ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff purchased residential real property located at 10183 Winding Ridge Road, Ladue, Missouri (hereinafter the "Property") on September 13, 2017 with the intent of demolishing the then existing 4,400+/- square foot residence (which was approximately 40 years old) and constructing a new 7,000+/- square foot custom residence (the "New Home") that would accommodate Plaintiff 's physical disabilities.

6. Plaintiff paid a premium for the Property, as a "tear down," as it was one of the last remaining lots on Winding Ridge Road, an extremely desirable Class A private lane which

had undergone extensive new home re-development over the previous 20 years, including a 12,300 +/- square foot home at 10184 Winding Ridge Road.

7. On or about June 21, 2018, building plans submitted by Plaintiff's architect, Dick Busch Architects, to Defendant City of Ladue for Plaintiff's New Home on the Property were unanimously approved by the Ladue Architectural Review Board ("ARB").

8. On or about July 16, 2018, the Ladue City Council passed Ordinance No. 2191 adopting the 2015 Edition of the *International Fire Code* as the Fire Prevention Code of the City of Ladue, Chapter 34 of Article II of the Ladue City Code (the "Current Ladue Fire Code"), replacing the 2006 Edition of the *International Fire Code* which the Defendant City had adopted on or about January 11, 2010, via Ordinance No. 1988, as its then Fire Prevention Code (the "Prior Ladue Fire Code").  True and correct copies of Ordinance No. 2191 and Ordinance No. 1988 are attached hereto as Exhibit 1 and Exhibit 2, respectively, and are incorporated herein by this reference.

9. Pursuant to the Current Ladue Fire Code, including Section 507.3, Appendix B Section B105, and Appendix B Tables B105.1(1) and B105.1(2), the fire flow requirements, measured in gallons per minute (GPM), for fire hydrants servicing single family homes in the City of Ladue are as follows:

| Home SF | GPM Fire Flow | W/ Sprinkler System (½) |
|---|---|---|
| 0 - 3,600 | 1,500 * | 750 |
| 3,601 - 4,800 | 1,750 | 875 |
| 4,801 - 6,200 | 2,000 | 1,000 |
| 6,201 – 7,700 | 2,250 | 1,125 |
| 7,701 – 9,400 | 2,500 | 2,500 |

A true and correct copy of the foregoing provisions are attached hereto as Exhibit 3 and incorporated herein by this reference.

3

10. The same fire flow requirements were set forth in the Prior Ladue First Code, including in Section 508.3, Appendix B Section B105.1, and Appendix B Table B105.1 thereof. A true and correct copy of these provisions are attached hereto as <u>Exhibit 4</u> and incorporated herein by this reference.

11. On or about August 3, 2018, Defendant City of Ladue issued Plaintiff a permit to demolish the then existing structure on the Property, in preparation for construction of the New Home that had been unanimously approved by the ARB, whereupon Plaintiff's contractor demolished the then existing structure within the required 30-day period.

12. On or about September 4, 2018, after Plaintiff's contractor had demolished the existing structure, Plaintiff's architect Dick Busch Architects received a letter from Ladue Assistant Fire Chief Jeff Johnson "(AC Johnson") regarding the water flow from the fire hydrant nearest the Property, claiming that such flow tested at 577 GPM in 2016 and 500 GPM in 2017 and, as a result, did not meet the requirements under the Current Ladue Fire Code.  A true and correct copy of this September 4, 2018 letter is attached hereto as <u>Exhibit 5</u> and incorporated herein by this reference.

13. On or about September 6, 2018, Plaintiff's construction plans for the New Home were amended to reflect certain design changes and those plans were once again unanimously approved by the Ladue ARB.

14. On or about September 28, 2018, the hydrant that had been the subject of AC Johnson's July 4, 2018 letter was retested and the water flow recorded as 650 GPM, again well below the requirement of the Current Ladue Fire Code as well as the Prior Ladue Fire Code.

15.  On October 8, 2018, AC Johnson sent another letter to Plaintiff advising that Missouri American Water Company, which is responsible for maintaining, repairing and replacing hydrant lines in the City of Ladue and throughout the St. Louis Metropolitan area,

would need to be consulted for available options to improve the hydrant flow at the subject hydrant.  A true and correct copy of this October 8, 2018 letter is attached hereto as Exhibit 6 and incorporated herein by this reference.

16. On or about October 15, 2018, Plaintiff's civil engineer requested a consultation with Missouri American Water Company to discuss these available options.

17. On February 19, 2019, Plaintiff's representatives met with officials from Missouri American Water and Defendant City of Ladue, including AC Johnson and Ladue Fire Chief Steve Lynn ("Chief Lynn"), in a good faith effort to understand the options for improving the water flow at the subject hydrant.

18. Defendant City of Ladue and Missouri American Water Company each disclaimed any obligation over or responsibility for ensuring sufficient hydrant flow at the hydrants serving the homes in Winding Ridge Road, including the subject hydrant, claiming that these hydrants met the fire flow requirements when the original lines were initially installed by Missouri American Water Company, or its predecessor, in the early 1970s and despite the new home development and construction routinely permitted by Defendant City of Ladue and its officials over the past 20 years .

19. On or about May 1, 2019, Plaintiff requested issuance of a building permit for construction of the approved New Home on the Property. A copy of this May 1, 2019 communication is attached hereto as Exhibit 7 and incorporated herein by this reference.

20. On or about May 21, 2019, Ladue City Council denied Plaintiff's request for a building permit for construction of the approved New Home on the Property. A copy of this May 21, 2019 communication is attached hereto as Exhibit 8 and incorporated herein by this reference.

21. On or about July 8, 2019, Plaintiff appealed the denial of her building permit to the Mayor of Defendant City of Ladue. A copy of this appeal is attached hereto as <u>Exhibit 9</u> and incorporated herein by this reference.

22. On or about August 1, 2019, Plaintiff's counsel received correspondence from the Defendant Building Commissioner officially denying Plaintiff's building permit.

23. The stated reason for the denial was that the GPM for the fire hydrant adjoining the Property was below the GPM set forth in the Current Fire Code that was adopted by the City on July 28, 2018. A copy of this August 1, 2019 communication is attached hereto as <u>Exhibit 10</u> and incorporated herein by reference.

24. Plaintiff filed an appeal with the City of Ladue Board of Adjustment, based upon the instruction in Defendant Stewart's letter that persons aggrieved by any decision of the Building Commissioner should be appealed to the Board of Adjustment. A copy of this appeal is attached hereto as <u>Exhibit 11</u> and incorporated herein by this reference.

25. Plaintiff presented her appeal on September 3, 2019 at a hearing before the Defendant Ladue's Board of Fire Appeals.

26. Plaintiff's appeal was denied.

27. Defendant City of Ladue denied the appeal asserting that the GPM for the fire hydrant adjoining the Property was below the GPM set forth in the Current Ladue Fire, basing that judgment in part on Chief Lynn's incorrect assertion that the fire flow requirements in the Current Ladue Fire Code were more stringent that the fire flow requirements in the Prior Ladue Fire Code.

28. Construction of a main to extend the subject hydrant adjoining Plaintiff's Property to the water main under southbound Lindbergh Boulevard would be required to raise the GPM of the Winding Ridge Road hydrants to a GPM that is sufficient for homes of the size and character

found on Winding Ridge Road, including Plaintiff's proposed New Home and the new homes developed and construction over the past 20 years.

29. According to Defendant City of Ladue, Plaintiff will not be issued a building permit for her proposed New Home, or for any home comparable to the smallest of the other new homes in Winding Ridge, unless she extends the hydrant under Lindberg Boulevard, which would be a benefit accruing to all property owners on Winding Ridge Road, to Missouri American Water Company, and to Defendant City of Ladue, which owns that road.

30. Upon information and belief, the hydrants in Winding Ridge Road have failed to meet the GPM fire flow requirements since at least 2000 according to various testing reports submitted periodically to Defendant City of Ladue and its fire and other officials since that time.

31. Nevertheless, upon information and belief, Defendant City of Ladue has issued building permits for and otherwise allowed the construction of new homes in Winding Ridge Road which are, in some instances, substantially larger than Plaintiff's proposed New Home, including the following:

    a. 10144 Winding Ridge, which upon information and belief is in excess of 8,000 square feet of total living area;

    b. 10184 Winding Ridge, which upon information and belief is in excess of 12,300 square feet of total living area;

    c. 10191 Winding Ridge, which upon information and belief is in excess of 5,400 square feet of total living area; and

    d. 10198 Winding Ridge, which upon information and belief is in excess of 5,000 square feet of total living area.

32. Upon information and belief, Defendants issued building permits for each of the foregoing new homes despite the fact that the hydrants in Winding Ridge Road consistently

failed GPM requirements set forth under the Prior Ladue Fire Code which, as noted, are the same as the requirements under the Current Ladue Fire Code.

33. When asked about this selective enforcement, Chief Lynn would only offer that he was not a Ladue Fire Official at that time and AC Johnson refused to respond as he was a Ladue fire official at that time.

34. As a result of Defendant's selective enforcement of the GPM requirements on her, it is not possible for Plaintiff to construct a residence in keeping with the homes of the style and character of the area.

35. In fact, Chief Lynn has indicated that Plaintiff is unlikely to be allowed to construct any new home on the Property as the last GMP result was below the minimum requirement for any structure.

## COUNT I

## EQUAL PROTECTION

COMES NOW, Plaintiff, by and through undersigned counsel, and for Count I of her Complaint, does hereby state:

36. Plaintiff incorporates by reference as if fully set forth herein, each and every allegation contained in paragraphs 1 through 35.

37. The United States Constitution protects every person against intentional and arbitrary discrimination occasioned by improper statutory execution through duly constituted agents.

38. Plaintiff is similarly situated to each of the property owners who applied for and received building permits for the properties identified in paragraph 31, in that she seeks to build a single family residence on Winding Ridge Road at a time when the GPM for the fire hydrants serving the road were below the GPM required by the then-in-effect City of Ladue code.

39. Defendant's denial of Plaintiff's building permit was intentional and treated her disparately than other applicants.

40. Defendant's selective denial of Plaintiff's building permit under circumstances similar to those in which building permits have been granted was not rational.

41. No rational person can regard Plaintiff's circumstances as being so different from others who have received permits to warrant the divergent treatment by the City of Ladue.

42. There is no rational basis for City to treat Plaintiff disparately than other applicants have been treated.

43. The similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake.

45. Defendant is attempting to impose the entire economic burden for a public improvement on a single landowner.

44. Plaintiff has been singled out to bear the burden of the cost to remedy the hydrant flow problems on Winding Ridge Road, though Plaintiff has not contributed at all to the existence of the problem and certainly no more than other property owners.

45. Plaintiff has been damaged by, *inter alia*, being unable to use the Property in a manner to which she is entitled by law.

46. Defendant's conduct constitutes action taken under color of law, or state action, undertaken pursuant to policy, practice, or custom of deliberate indifference to Plaintiff's rights and that has or will deprive, and is intended to deprive, Plaintiff of her right to equal protection secured by the United States Constitution.

WHEREFORE, Plaintiff prays this Court, after trial by jury, find in favor of Plaintiff and against Defendant on Count I of her Complaint; for punitive damages; for attorneys' fees and costs of litigation; and for such other and further relief as this Court deems just and proper.

9

## COUNT II

### DUE PROCESS PURSUANT TO THE 5TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 26 OF THE MISSOURI CONSTITUTION

COMES NOW, Plaintiff, by and through undersigned counsel, and for Count II of her Complaint does hereby state:

47. Plaintiff incorporates by reference as if fully set forth herein each and every allegation set forth in paragraphs 1 through 46.

48. Defendants have reached their final decision regarding the application of its Code to the Property.

49. The aforementioned governmental action has directly and substantially interfered with Plaintiff's property rights in her Property and has significantly impaired the value of the Property.

50. The aforementioned governmental action has not advanced a legitimate governmental interest that is reasonably related to the action.

51. Plaintiff has been deprived of all reasonable or economic use of the Property.

52. The Plaintiff has not been compensated for the aforementioned deprivation of value.

53. The City's aforementioned governmental action has led to a substantial impairment of Plaintiff's right to peacefully enjoy her Property.

54. The Plaintiff provided the City with notice of its objection to its action.

55. The City has continued its unreasonable use of the Property in spite of the Plaintiff's notice.

56. The Plaintiff has been damaged and injured by Defendant's substantial impairment of Plaintiff's right to peacefully enjoy her Property.

57. Plaintiff's damages were caused by the City's aforementioned governmental action.

WHEREFORE, Plaintiff prays this Court enter judgment in Plaintiff's in an amount that will be proven at trial, Plaintiff is entitled to reimbursement for its costs and attorneys' fees incurred herein, and such other and further relief as this Court deems just and proper.

                        SUMMERS COMPTON WELLS LLC

                         */s/ Jill R. Rembusch*
                        JILL R. REMBUSCH    #46251MO
                        8909 Ladue Road
                        St. Louis, MO  63124
                        (314) 991-4999 Telephone
                        (314) 991-2413 Facsimile
                        jrembusch@summerscomptonwells.com
                        *Attorneys for Plaintiff*